# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RANDALL S. KRAUSE,** | **8:18CV311** |
| **Plaintiff,** | |
| v. | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| **METROPOLITAN ENTERTAINMENT & CONVENTION AUTHORITY,** | |
| **Defendant.** | |

## I. INTRODUCTION

Defendant Metropolitan Entertainment & Convention Authority ("MECA") submits this brief in support of its Motion to Dismiss (Filing 6) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and asks the Court to dismiss with prejudice the Complaint for Declaratory Judgment (Filing 1) filed by *pro se* Plaintiff Randall S. Krause ("Plaintiff") because this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted.

## II. STATEMENT OF FACTS

MECA is a Nebraska Nonprofit Corporation registered under Neb. Rev. Stat. § 21-1901, *et seq.* and organized as a charitable organization as defined in Section 501(c)(3) of the Internal Revenue Code. See Filing 7-1, Declaration of Brandon J. Crainer ("Crainer Decl.") ¶ 1(a), Exhibit 1-A, MECA's Nebraska Secretary of State Registration.[1]

MECA states the following "facts" as alleged in Plaintiff's Complaint only for the purpose of providing a summary of the factual background underlying Plaintiff's Complaint. By summarizing the factual allegations in Plaintiff's Complaint, MECA is not admitting any facts.

Plaintiff alleges that MECA places recycling bins throughout TD Ameritrade Park Omaha. See Filing 1, Complaint ¶ C. Plaintiff asserts, without any supporting factual allegations, that MECA's recycling program is fake because MECA's "policy is to send everything it collects to a landfill." See id., ¶¶ B and C. Plaintiff asserts that placing "a recyclable in a recycling bin is a contribution to a political movement: the environmental

---

[1] This Court may consider MECA's Nebraska Secretary of State Registration without converting this motion to a motion for summary judgment because this information is a matter of public record. See Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (recognizing a court may consider "matters of public record" when "determining whether to grant a Rule 12(b)(6) motion") (citation omitted).

movement" and that it is "political speech" because "[i]t is an expression of support for the environmental movement." See id., ¶ D.  Plaintiff alleges he "put recyclables in the recycling bins at TD Ameritrade Park" to "express his support for the environmental movement." See id., ¶ D.  Plaintiff generally asserts that "MECA's fake recycling program abridges the freedom of speech" and "violates the 1st and 14th Amendments by penalizing political speech without due process of law." See id., ¶ D.  On July 2, 2018, Plaintiff filed a Complaint wherein he seeks "a ruling that MECA's fake recycling program violates the 1st and 14th Amendments." See id., ¶ E.

### III. STANDARD OF REVIEW

#### A. Fed. R. Civ. P. 12(b)(1)

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  The district court must "consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011).  "[I]f the jurisdictional allegations are challenged by the defendant, the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence." Eckerberg v. Inter-State Studio & Publ'g Co., 860 F.3d 1079, 1084 (8th Cir. 2017).  The district court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  There is no "presumptive truthfulness attache[d] to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Mortensen, 549 F.2d at 891).

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

> In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).  In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citations omitted).  If the defendant makes a factual attack on the jurisdictional allegations of the

2

complaint, the court may receive competent evidence such as affidavits in order to determine the factual dispute. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) (footnote and citations omitted).

### B. Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." McShane Constr. Co., LLC v. Gotham Ins. Co., 867 F.3d 923 (8th Cir. 2017) (citation omitted). "A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 934 (8th Cir. 2012) (citing Twombly). "Two working principles underlie the analysis: (1) the court's obligation to accept the non-movant's allegations as true 'is inapplicable to legal conclusions,' such that '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'; and (2) 'only a complaint that states a plausible claim for relief survives a motion to dismiss, . . . [and] [d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" McShane, 867 F.3d 923 (quoting Iqbal, 556 U.S. at 678-79).

### IV. ARGUMENT

#### A. Plaintiff's Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction

The Court should dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction because Plaintiff lacks standing. "Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies." Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Id. To have standing, a plaintiff must establish the following "irreducible constitutional minimum" requirements:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-561 (alterations in original, internal quotation marks and citations omitted).

Plaintiff's Complaint alleges only a generalized grievance, and not any concrete, particularized, and actual or imminent injury in fact. He seeks no damages—only "a ruling that MECA's fake recycling program violates the 1st and 14th Amendments." Plaintiff fails to allege injury in fact and fails to explain how Plaintiff's alleged injuries would be redressed by this action; thus Plaintiff fails to allege and establish the requisite standing. Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's Complaint and should dismiss Plaintiff's claim with prejudice.

### B. Plaintiff's Complaint Should be Dismissed for Failure to State a Claim

Plaintiff has failed to state a claim under the First and Fourteenth Amendments because there is no direct cause of action under the United States Constitution, Plaintiff has not alleged governmental action, and even assuming Plaintiff has alleged a proper action involving a state actor, Plaintiff has not alleged MECA abridged Plaintiff's protected speech. As an initial matter, Plaintiff's constitutional claims should be dismissed because no direct cause of action can be brought under the United States Constitution. See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied 506 U.S. 1081 (1993) ("Plaintiff has no cause of action directly under the United States Constitution."). Accordingly, the Court should dismiss Plaintiff's claims with prejudice as he cannot state a claim as a matter of law.

Additionally, Plaintiff's Complaint should be dismissed because he has not alleged government action that violated his alleged constitutional rights. The First Amendment only applies to government action. See United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 833 (1983); see also Montano v. Hedgepeth, 120 F.3d 844, 848 (8th Cir. 1997) (stating "the First Amendment . . . erects a shield exclusively against governmental misconduct . . . [i]t provides no

protection against private behavior, no matter how egregious") (citation omitted). The First Amendment is applicable to the states through the Fourteenth Amendment. See Reed v. Town of Gilbert, 135 S. Ct. 2218, 2226 (2015). The Fourteenth Amendment protects the individual *against state action*. See Scott, 463 U.S. at 831; see also Warren v. Gov't Nat'l Mortg. Asso., 611 F.2d 1229, 1232 (8th Cir. 1980). As a result, it is necessary for Plaintiff "to prove that the state was somehow involved in" the alleged denial of his constitutional rights. See id. Plaintiff has not—and cannot—make this showing.

In ascertaining the presence of state action, courts consider two factors:

> First, the action violating the rights of the claimant must have been caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Federer v. Gephardt, 363 F.3d 754, 759 (8th Cir. 2004) (internal quotation marks and citations omitted). There is nothing to suggest that MECA is a state actor. The public record shows MECA is not a state actor. MECA is a private, non-profit corporation. See Filing 7-1, Crainer Decl. ¶ 1(a), Ex. 1-A, MECA's Nebraska Secretary of State Registration. Therefore, Plaintiff cannot maintain his "claims" against MECA under the First and Fourteenth Amendments. Plaintiff has not asserted any facts that could reasonably lead to the conclusion that MECA's alleged conduct was state action. As a result, MECA is entitled to dismissal, with prejudice, of Plaintiff's claims under the First and Fourteenth Amendments.

Even assuming placing a recyclable in a recycle bin is political speech, Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege MECA abridged Plaintiff's political speech. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend I. Plaintiff's Complaint is devoid of any allegation that MECA required Plaintiff to engage in any speech or prohibited Plaintiff from engaging in any speech. Plaintiff has also not alleged any facts supporting his allegations that MECA's recycling procedures are "fake." Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, Defendant Metropolitan Entertainment & Convention Authority respectfully requests that this Court enter an order dismissing with prejudice Plaintiff's Complaint.

                                        Metropolitan Entertainment & Convention
                                        Authority, Defendant

BY: _____
                                        Brandon J. Crainer, #24891
                                        FRASER STRYKER PC LLO
                                        500 Energy Plaza
                                        409 South 17th Street
                                        Omaha, Nebraska 68102-2663
                                        (402) 341-6000
                                        bcrainer@fraserstryker.com
                                        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of such filing by regular, United States mail, postage prepaid to the following:

Randall S. Krause
604 S. 22nd St. Apt. 1115
Omaha, NE 68102

_____

1930642 v1