## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RANDALL S. KRAUSE,** | **8:18CV311** |
| **Plaintiff,** | |
| **v.** | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| **METROPOLITAN ENTERTAINMENT & CONVENTION AUTHORITY,** | |
| **Defendant.** | |

## I.      INTRODUCTION

Defendant Metropolitan Entertainment & Convention Authority ("MECA") submits this brief in support of its Motion to Dismiss (Filing 10) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and asks the Court to dismiss with prejudice the Amended Complaint for declaratory relief (Filing 9) filed by *pro se* Plaintiff Randall S. Krause ("Plaintiff") because this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted.

## II.      STATEMENT OF FACTS

MECA is a Nebraska Nonprofit Corporation registered under Neb. Rev. Stat. § 21-1901, *et seq.* and organized as a charitable organization as defined in Section 501(c)(3) of the Internal Revenue Code.  See Filing 7-1, Declaration of Brandon J. Crainer ("Crainer Decl.") ¶ 1(a), Exhibit 1-A, MECA's Nebraska Secretary of State Registration.

MECA states the following "facts" as alleged in Plaintiff's Amended Complaint only for the purpose of providing a summary of the factual background underlying Plaintiff's Complaint. By summarizing the factual allegations in Plaintiff's Complaint, MECA is not admitting any facts.

Plaintiff alleges that MECA places recycling bins throughout TD Ameritrade Park Omaha.  See Filing 9, Amended Complaint ¶ C.  Plaintiff asserts that on the first day of the 2018 Big Ten Baseball Championship, he placed a recyclable into a recycling bin at TD Ameritrade Park.  Id. ¶ D.  Plaintiff alleges that the next day, he "learned that MECA's practice is to throw all of the recycling away" into two compactors that are emptied at a landfill.  Id.  Plaintiff asserts that his recycling is political and that placing "a recyclable in a recycling bin is a contribution to a political movement:  the environmental movement" and that it is "political speech" because "[i]t is an expression of support for the environmental movement."  Id.  Plaintiff alleges he "put

recyclables in the recycling bins at TD Ameritrade Park" to "express his support for the environmental movement." Id. Plaintiff states "he wants to know that MECA will actually recycle the items he puts in the recycling bins." Id. Plaintiff generally asserts that MECA's recycling program abridges his freedom of speech and violates the First and Fourteenth Amendments by penalizing political speech without due process of law. Id. ¶ D. On July 27, 2018, Plaintiff filed an Amended Complaint wherein he seeks "an order that MECA must actually recycle if it places recycling bins." Id. ¶ E.

## III.   STANDARD OF REVIEW

### A.   Fed. R. Civ. P. 12(b)(1)

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).   The district court must "consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011).   "[I]f the jurisdictional allegations are challenged by the defendant, the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence." Eckerberg v. Inter-State Studio & Publ'g Co., 860 F.3d 1079, 1084 (8th Cir. 2017).  The district court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).   There is no "presumptive truthfulness attache[d] to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Mortensen, 549 F.2d at 891).

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

> In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).  In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citations omitted).  If the defendant makes a factual attack on the jurisdictional allegations of the

complaint, the court may receive competent evidence such as affidavits in order to determine the factual dispute. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) (footnote and citations omitted).

**B.    Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." McShane Constr. Co., LLC v. Gotham Ins. Co., 867 F.3d 923 (8th Cir. 2017) (citation omitted). "A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 934 (8th Cir. 2012) (citing Twombly). "Two working principles underlie the analysis: (1) the court's obligation to accept the non-movant's allegations as true 'is inapplicable to legal conclusions,' such that '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'; and (2) 'only a complaint that states a plausible claim for relief survives a motion to dismiss, . . . [and] [d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" McShane, 867 F.3d 923 (quoting Iqbal, 556 U.S. at 678-79).

## IV.    ARGUMENT

**A.    Plaintiff's Amended Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction**

The Court should dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction because Plaintiff lacks standing. "Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies." Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing U.S. Const. Art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Id. To have standing, a plaintiff must establish the following "irreducible constitutional minimum" requirements:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-561 (alterations in original, internal quotation marks and citations omitted).  The injury in fact element of standing for relief requires that the plaintiff show "that the plaintiff faces a threat of ongoing or future harm."  Park v. Forest Service of the United States, 205 F.3d 1034, 1037 (8th Cir. 2000).  An abstract injury is not sufficient and the injury or threat of injury must be real and immediate rather than conjectural or hypothetical.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983).

Plaintiff's Complaint alleges only a generalized grievance, and not any concrete, particularized and actual or imminent injury in fact that could be redressed by a favorable decision.  First, it is clear from Plaintiff's Amended Complaint that he has not suffered an injury in fact.  Plaintiff admits he was able to place a recyclable in a recycling bin on the opening day of the 2018 Big Ten Championships.  See Filing 9, Amended Complaint ¶ D(2).  Assuming placing a recyclable in a recycling bin is political speech, which MECA contests it is not, Plaintiff was able to engage in political speech.  Plaintiff's alleged political speech, the expression of support to the environmental movement, has been accomplished and is done.  MECA neither restricted nor suppressed his ability to place a recyclable in a recycling bin.  Plaintiff has not suffered an actual or imminent injury in fact.  Any allegation that MECA abridged his ability to engage is political speech is directly contrary to his allegations, and is at best, hypothetical.  As a result, Plaintiff has failed to satisfy the first prong of the standing analysis.

Second, Plaintiff has not alleged a causal connection between the conduct complained of (the alleged taking of recyclables to a landfill) and Plaintiff's alleged political speech (placing a recyclable in a recycling bin).  Regardless of how recyclables are handled, Plaintiff was able to engage in his alleged political speech and support of the environment.  The handling of recyclables by a third-party trash company has no impact on Plaintiff's ability to engage in

political speech.  Therefore, Plaintiff has failed to satisfy the second prong of the standing analysis.

Third, because Plaintiff has not suffered any injury, as he was able to engage in his alleged political speech by placing a recyclable in a recycling bin, an order would not redress any injury.  For an injury to be redressable, judicial action must be likely to remedy the harm and cannot be merely speculative.  See Lujan, 504 U.S. at 560.  Plaintiff's requested relief is "an order that MECA must actually recycle if it placed recycling bins."  See Filing 9, Amended Complaint ¶ E.  As there is no harm subject to remedy, Plaintiff has failed to satisfy the third prong of the standing analysis.

Plaintiff fails to allege injury in fact and fails to explain how Plaintiff's alleged injuries would be redressed by this action; thus Plaintiff fails to allege and establish the requisite standing to bring his claims.  Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's Amended Complaint and should dismiss Plaintiff's Amended Complaint with prejudice.

**B.      Plaintiff's Complaint Should be Dismissed for Failure to State a Claim**

Plaintiff has failed to state any plausible cause of action for relief under 42 U.S.C. § 1983 against MECA because he has not alleged a deprivation of a constitutionally protected right and MECA is not a state actor.  Section 1983 provides a claim for relief "for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . .'"  Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983).  To state a claim under section 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived plaintiff of a right secured by the United States Constitution or a federal law.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  See Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).  Additionally, it is well settled that only state actors — not private individuals — are liable under § 1983.  See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001); see also Sullivan, 526 U.S. at 50 ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (citations omitted)).  To satisfy the color of state law element of a § 1983 claim, a private party's

conduct allegedly causing the deprivation of a federal right must be "fairly attributable to the state." Lugar, 457 U.S. at 937.  This fair attribution element requires, in relevant part, that

> the party charged with the deprivation [is] a [party] who may fairly be said to be a state actor. This may be . . . because [the party charged with the deprivation] acted together with or has obtained significant aid from state officials, or because [the] conduct [of the party charged with the deprivation] is otherwise chargeable to the State.

Id.  The Supreme Court has recognized a number of circumstances for determining the issue of state actor, but the one unyielding requirement is that there be a "close nexus" not merely between the state and the private party, but between the state and the alleged deprivation itself. See Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007).  No nexus exists where a private party acts with the mere approval or acquiescence of the state.  See Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982).

MECA has not deprived Plaintiff of any constitutionally protected right to free speech. MECA neither required nor prohibited Plaintiff from exercising his alleged political speech.  As such, Plaintiff has failed to allege an intentional deprivation of a constitutionally protected right and thus has failed to state a § 1983 claim.  Even if this Court assumes, for purposes of this Motion, that Plaintiff has set forth an intentional deprivation of his First Amendment rights, MECA is not a state actor and was not acting under the color of state law when it had recycling bins placed throughout TD Ameritrade Park.  Plaintiff cites an opinion by the Nebraska Attorney General's Office to establish that MECA is a state actor (which then raises issues of sovereign immunity); however, considerations for entities subject to the Nebraska Open Meetings Act and Nebraska Public Records Statutes are unrelated to the considerations for whether MECA is a state actor and are not relevant to determine whether MECA was acting under the color of state law during any of the events on which this lawsuit is based.  Plaintiff has not alleged sufficient facts showing that MECA was acting under color of state law.  MECA is a private, non-profit corporation.  See Filing 7-1, Crainer Decl. ¶ 1(a), Ex. 1-A, MECA's Nebraska Secretary of State Registration.  As MECA is a private entity, it cannot be liable under § 1983.  See Youngblood, 266 F.3d at 855; Sullivan, 526 U.S. at 50.  Further, there is no "close nexus" between the state and recycling at TD Ameritrade Park such that any of MECA's actions would be attributed to the state.  See Blum, supra; Wickersham, supra.  There is simply no conduct alleged which demonstrates the state compelled the act of which Plaintiff complains.  As a result, because

MECA is not a state actor, Plaintiff cannot maintain a § 1983 claim against MECA and it is entitled to dismissal, with prejudice, of Plaintiff's claim.  Because Plaintiff fails to state a substantive claim, he also fails to state a claim for declaratory relief.

<strong>V.      CONCLUSION</strong>

For the foregoing reasons, Defendant Metropolitan Entertainment & Convention Authority respectfully requests that this Court enter an order dismissing with prejudice Plaintiff's Amended Complaint.

Metropolitan Entertainment & Convention Authority, Defendant

BY: _____

Brandon J. Crainer, #24891
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska  68102-2663
(402) 341-6000
bcrainer@fraserstryker.com
ATTORNEY FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of such filing by regular, United States mail, postage prepaid to the following:

Randall S. Krause
604 S. 22nd St. Apt. 1115
Omaha, NE 68102

1930642 v1