IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RANDALL S. KRAUSE,** | 8:18CV311 |
| **Plaintiff,** | |
| v. | **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| **METROPOLITAN ENTERTAINMENT & CONVENTION AUTHORITY,** | |
| **Defendant.** | |

In an effort to save Plaintiff's Amended Complaint from dismissal, Plaintiff reiterates his conclusory allegations against Defendant Metropolitan Entertainment & Convention Authority ("MECA"), which fail to establish he has standing and state a claim for relief, and misconstrues and misleadingly quotes an opinion issued by the Nebraska Attorney General. The Court should dismiss Plaintiff's Amended Complaint with prejudice.

Plaintiff's repetition of his allegations in the Amended Complaint does not establish Plaintiff suffered an injury. Assuming for purposes of this motion that placing a recyclable in a recycling bin is political speech, Plaintiff was able to engage in his alleged political speech. See [Filing 9](#), Amended Complaint ¶ D(2). MECA neither required nor prohibited Plaintiff from exercising his alleged political speech. Any alleged action MECA took after he placed his recyclable in a recycling bin is irrelevant to whether he engaged in political speech and is based on conclusory, unsupported allegations. As a result, Plaintiff did not suffer an injury, thus he lacks standing and has failed to state a claim for relief.

Additionally, Plaintiff cannot state a 42 U.S.C. § 1983 claim because MECA has not deprived Plaintiff of any constitutionally protected right to free speech, as noted above, and MECA is not a state actor. By using an ellipses, Plaintiff misconstrues and misleadingly quotes an opinion issued by the Nebraska Attorney General. Despite Plaintiff's attempt to exclude portions of the opinion, the Attorney General's opinion specifically relates to whether MECA is "subject to the Nebraska Publics Records Act" and the Nebraska Open Meetings Act. See Filing 9, ECF p. 9. The opinion does not establish that MECA was acting under the color of state law during any of the events on which this lawsuit is based. Because MECA is a private, non-profit corporation (see [Filing 7-1](#), Crainer Decl. ¶ 1(a), Ex. 1-A, MECA's Nebraska Secretary of State

Registration) and Plaintiff has not alleged sufficient facts showing that MECA was acting under color of state law, it cannot be liable under § 1983. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Plaintiff's citation to McMillian v. Monroe Cty., 520 U. S. 781, 786 (1997) is unavailing as it does not stand for adopting Plaintiff's misapplication of the Attorney General's opinion.

Accordingly, for the reasons expressed in MECA's briefing, the Court should dismiss with prejudice Plaintiff's Amended Complaint (Filing 9).

        Metropolitan Entertainment & Convention Authority, Defendant

BY: *[signature]*
Brandon J. Crainer, #24891
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102-2663
(402) 341-6000
bcrainer@fraserstryker.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of such filing by regular, United States mail, postage prepaid to the following:

    Randall S. Krause
    604 S. 22nd St. Apt. 1115
    Omaha, NE 68102

_____

1930642 v1