IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RANDALL S. KRAUSE,

    Plaintiff,

vs.

METROPOLITAN ENTERTAINMENT &
CONVENTION AUTHORITY (MECA),

    Defendant.

8:18CV311

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim, Filing No. 10. This is an action for alleged violations of the plaintiff's free-speech rights, brought pursuant to 42 U.S.C. § 1983.

I.     FACTS

In his amended complaint, the plaintiff, *pro se*, alleges that he placed a recyclable item into a recycling bin at TD Ameritrade Park, which operated by defendant Metropolitan Entertainment & Convention Authority ("MECA"), and later learned that MECA's practice is to throw all of the recycling away into two compactors that are emptied at a landfill. Filing No. 9, Amended Complaint at 2. He asserts that recycling is political speech because "[i]t is an expression of support for the environmental movement." *Id.* He alleges that MECA's recycling program abridges his freedom of speech in violation of the First and Fourteenth Amendments by penalizing political speech without due process of law. *Id.* at 3. As relief, he seeks "an order that MECA must actually recycle if it places recycling bins." *Id.*

1

Defendant MECA moves to dismiss for lack of jurisdiction, asserting that the plaintiff lacks standing. It argues that the plaintiff has not alleged any concrete, particularized, and actual or imminent injury in fact that could be redressed by a favorable decision.

MECA asserts the plaintiff cannot demonstrate standing because assuming, but not conceding, that placing a recyclable item in a recycling bin is political speech, the plaintiff's allegations show that he was able to engage in that political speech. MECA argues that the plaintiff's expression of support for the environmental movement, as reflected in his use of the recycling bin, was complete once he paced the item in the container and the later handling of the recyclable is of no consequence to the expression. In response to that argument, the plaintiff concedes "[i]t is true that MECA did not prevent Krause from speaking. He made his statement." Filing No. 14, response at 1. But he nevertheless contends he "was penalized for what he said and is no longer free to speak in the same manner at TD Ameritrade Park. Therein lies the injury." *Id.*

II. LAW

Jurisdiction is a threshold issue for this Court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). Federal courts must always ensure that a dispute presents a case or controversy under Article III such that an assertion of jurisdiction is proper. *McDaniel v. Precythe*, 897 F.3d 946, 949 (8th Cir. 2018).

Standing is an essential part of the case-or-controversy requirement of Article III.  *Id.*; see *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S., at 560). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1548. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498–499 (1975)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Id.* ((quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at n.1. A "concrete" injury must be "de facto"; that is, it must actually exist. *Id.* (noting that concreteness is quite different from particularization). "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1549.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court conducts a two-part analysis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, the court must accept all the complaint's factual allegations as true. *Id.* at 678. Second, the court must then "determine whether the . . . [factual allegations] plausibly give rise to an entitlement to relief." *Id.* at 679. This "plausibility" analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Properly pled factual allegations are taken as true, without regard to the likelihood of actual proof of those facts, even if the ultimate chances of recovery seem "remote." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

III. DISCUSSION

The Court agrees with MECA that the plaintiff has failed to allege any concrete or particularized injury that is likely to be redressed by a favorable judicial decision. Assuming that throwing an article in a recycling bin is conduct that amounts to protected political speech, the plaintiff concedes that MECA did not prevent him from engaging in that activity. He acknowledges he was allowed to "speak" and to make a statement of support for the environmental movement. Although he alludes to being "penalized" for what he said, the amended complaint contains no such allegations. Even construing the *pro se* pleading liberally, the Court cannot find any such consequence. Nor can the Court find any authority for ordering MECA to recycle. The Court cannot grant the plaintiff the relief he seeks.

The plaintiff has not alleged harm or threat of harm. He remains free to express his support of the environment. Though he arguably would be able to do so more effectively if the articles were in fact recycled, his allegations do not rise to the level of a

constitutional injury. Accordingly, the Court finds the plaintiff lacks standing and this action must be dismissed for lack of jurisdiction.

The Court need not address the defendant's other arguments but notes for the record that if the Court were to find jurisdiction, the plaintiff's complaint would be subject to dismissal for failure to state a claim. The plaintiff has not alleged facts that plausibly state a claim for relief. Accordingly,

IT IS ORDERED that:

1. The defendant's motion to dismiss (Filing No. 10) is granted.

2. this action is dismissed.

Dated this 4th day January 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge